UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STONEWALL INSURANCE COMPANY,           )
        Plaintiff,                          )
                          )
                          )
v.                                     )      No. 05-11798 NG
                          )
XL REINSURANCE AMERICA, INC.           )
        Defendant.                          )

DEFENDANT XL REINSURANCE AMERICA, INC.'S
ANSWER AND JURY CLAIM

In answer to each numbered paragraph and count of the complaint filed by Plaintiff

Stonewall Insurance Company ("SICO"), Defendant XL Reinsurance America, Inc. ("XLRA")

says as follows:

1.     Defendant XLRA admits the allegations of this paragraph.

2.     Defendant XLRA admits the allegations of this paragraph.

3.     Defendant XLRA admits that SICO seeks declaratory relief and damages in this
        case, but the defendant denies the remaining allegations of this paragraph.

4.     Defendant XLRA admits the allegations of this paragraph.

5.     Defendant XLRA admits the allegations of this paragraph.

6.     Defendant XLRA does not have sufficient information or knowledge at this time
        to admit or deny the allegations of this paragraph.

7.     Defendant XLRA admits the allegations of this paragraph.

8.     Defendant XLRA admits the allegations of this paragraph, except that the first
        policy referenced in this paragraph and identified as No. 33000013 should be
        correctly identified as No. 33000113.

9.     Defendant XLRA admits the allegations pertaining to Policy No. 33000113 and
        Certificate No. C-00454; and admits the allegations with respect to No. 36000002
        and Certificate No. 2697. Further answering, Defendant XLRA says that it does
        not have sufficient information or knowledge to admit or deny the allegations
        with respect to Policy No. 360000042 and Certificate No. C-00753.

10.    Defendant XLRA does not have sufficient information or knowledge to admit or deny the allegations of this paragraph.

11.    Defendant XLRA admits that it has been billed certain amounts by SICO pursuant to the various certificates referenced in this paragraph. However, Defendant XLRA does not have sufficient information or knowledge at this time to admit or deny the allegations of this paragraph with respect to specific amounts which have been billed.

12.    Defendant XLRA denies the allegations of this paragraph.

13.    Defendant XLRA admits the allegations of this paragraph.

14.    Defendant XLRA admits the allegations of this paragraph.

15.    Defendant XLRA admits the allegations of this paragraph.

16.    Defendant XLRA does not have sufficient information or knowledge to admit or deny the allegations of this paragraph.

17.    Defendant XLRA admits that it has been billed by SICO, but does not have sufficient information or knowledge at this time to admit or deny the allegations of this paragraph with respect to specific amounts which have been billed. Defendant XLRA denies the remaining allegations of this paragraph.

## COUNT I

18.    Defendant XLRA incorporates herein by reference its answers to paragraphs 1-17 above as if each were fully set forth herein.

19.    Defendant XLRA admits that SICO has requested XLRA to pay various amounts billed by SICO. Defendant XLRA denies the remaining allegations of this paragraph.

20.    Defendant XLRA denies the allegations of this paragraph.

## COUNT II

21.    Defendant XLRA incorporates herein by reference its answers to paragraphs 1-20 above as if each were fully set forth herein.

22.    Defendant XLRA denies the allegations of this paragraph.

23.    Defendant XLRA denies the allegations of this paragraph.

## COUNT III

24.    Defendant XLRA incorporates herein by reference its answers to paragraphs 1-23 above as if each were fully set forth herein.

25.    Defendant XLRA admits that SICO has requested XLRA to pay various amounts billed by SICO. Defendant XLRA denies the remaining allegations of this paragraph.

26.    Defendant XLRA denies the allegations of this paragraph.

## COUNT IV

27.    Defendant XLRA incorporates herein by reference its answers to paragraphs 1-26 above as if each were fully set forth herein.

28.    Defendant XLRA denies the allegations of this paragraph.

29.    Defendant XLRA denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

A.    And further answering, Defendant XLRA says that the claims concerning Certificates #2697 and 1531 must be submitted to arbitration in accordance with the arbitration clauses contained in those certificates. Therefore, Defendant XLRA reserves its right to seek to dismiss those claims, or, alternatively, to stay these proceedings pending the outcome of arbitration.

## JURY CLAIM

Defendant XLRA claims a trial by jury with respect to all claims contained in the complaint to which a jury trial is available.

Defendant XL Reinsurance America, Inc.
by its attorney

*John B. Johnson*

John B. Johnson
Corrigan, Johnson & Tutor, P.A.
141 Tremont Street
Boston, MA 02111
(617) 338-0075
BBO No. 252580

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for the plaintiff by mail on November 14, 2005.

*John B. Johnson*

John B. Johnson